**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| U.S. SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CORY BRUMBELOW d/b/a TOP TIER HOME IMPROVEMENT, LLC; TOP TIER HOME IMPROVEMENT, LLC d/b/a TOP TIER GUTTERS AND WINDOWS; and JOSEPH SCHULTE,<br><br>Defendant. | C/A No.: 2:26-cv-05577-BHH<br><br>**COMPLAINT FOR RESCISSION AND DECLARATORY JUDGMENT**<br><br>**(Non-jury)** |

Plaintiff U.S. Specialty Insurance Company ("USSIC"), by and through its undersigned counsel, complains of Defendants Cory Brumbelow d/b/a Top Tier Home Improvement, LLC ("Brumbelow"); Top Tier Home Improvement, LLC d/b/a Top Tier Gutters and Windows ("Top Tier LLC") (collectively, the "Top Tier Defendants"); and Joseph Schulte ("Schulte") (collectively, "Defendants"), and respectfully alleges as follows:

**<u>NATURE OF ACTION</u>**

1. This is an action for rescission and declaratory relief under South Carolina law, the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and Federal Rule of Civil Procedure 57. USSIC seeks rescission of commercial general liability policy no. U19AC106561-01 (the "Policy") because the applicant materially misrepresented that the insured would not perform window-installation work, even though the insured had already contracted to perform the window-installation work now at issue.

2. USSIC alternatively seeks declarations concerning the identity of the insured, its defense and indemnity obligations in the action captioned *Joseph Schulte v. Top Tier Home*

*Improvement, LLC d/b/a Top Tier Gutters and Windows, and Cory Brumbelow, individually*, Charleston County Court of Common Pleas, Case No. 2026-CP-10-03763 (the "Underlying Action"), and the application of the Policy's insuring agreement, policy-period requirement, and exclusions.

**THE PARTIES**

3. USSIC is an insurance company incorporated and existing under the laws of and has its principal place of business in the state of Texas and writes policies in the state of South Carolina.

4. Brumbelow is a citizen and resident of South Carolina and conducts or conducted business under the trade name Top Tier Home Improvement, LLC.

5. Top Tier LLC is a South Carolina limited liability company with its principal place of business in South Carolina. Brumbelow is Top Tier LLC's managing member.

6. Schulte is a citizen and resident of South Carolina and owns the residence located at 8239 Governors Walk, North Charleston, South Carolina (the "Residence"). Schulte is named as a defendant because he asserts claims for which the Top Tier Defendants seek coverage and therefore claims an interest that may be affected by the declarations sought in this action.

**JURISDICTION AND VENUE**

7. Jurisdiction exists under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of attorney's fees, interest, and costs. The amount in controversy includes the value of the defense and indemnity obligations disputed under the Policy with a $1,000,000 each occurrence limit, as well as the damages sought in the Underlying Action, including actual, consequential, treble, and punitive damages and attorneys' fees.

8. An actual, immediate, and justiciable controversy exists concerning whether the Policy is void ab initio and, alternatively, the existence and extent of any obligation USSIC owes under the Policy in connection with the Underlying Action.

9. Venue is appropriate under 28 U.S.C. § 1391 because the claim at issue arises out of incidents that occurred in this district. Further, this case involves the interpretation of an insurance policy entered into in South Carolina and insures interests in South Carolina. The Policy was issued to insure a South Carolina contractor; the window-installation work was performed at the Residence in North Charleston, South Carolina; and the Underlying Action is pending in Charleston County, South Carolina.

10. All conditions precedent have occurred, been performed, or have been waived.

## COMMON ALLEGATIONS

### A. The Policy

11. USSIC issued the Policy to the named insured "Cory Brumbelow d/b/a Top Tier Home Improvement LLC" for the period July 19, 2019 to July 19, 2020. A true and correct copy of the Policy is attached as Exhibit A and incorporated as if fully stated herein.

12. The Policy affords commercial general liability coverage, subject to its terms, conditions, limitations, and exclusions, with limits of $1,000,000 each occurrence, $2,000,000 general aggregate, and $2,000,000 products-completed operations aggregate.

13. The Policy provides that USSIC has the right and duty to defend the insured against a "suit" seeking damages because of "bodily injury" or "property damage" to which the insurance applies, but has no duty to defend an insured against a "suit" seeking damages to which the insurance does not apply.

14. The Policy applies to "property damage" only if the "property damage" is caused by an "occurrence" and occurs during the policy period.

15. The Policy's Declarations identify the insured's business as "Carpentry-Finish" and "Sheet Metal Contractor."

16. The Policy's Representations condition provides that, by accepting the Policy, the insured agreed that the statements in the Declarations were accurate and complete, that those statements were based upon representations made to USSIC, and that USSIC issued the Policy in reliance upon those representations.

**B. The Insurance Application's Misrepresentations**

17. In connection with obtaining the Policy, Brumbelow submitted or adopted an artisan-contractor application (the "Application"). A true and correct copy of the Application is attached as Exhibit B and incorporated as if fully stated herein.

18. The Application reported that the insured's operations consisted of finish carpentry (20%) and sheet-metal contracting (80%).

19. The Application specifically asked whether the applicant "[h]as or will" perform installation of windows or window systems. The response was "No."

20. The Application also represented that the applicant would not perform work other than finish carpentry, would not act as a general contractor, and would not perform work other than sheet-metal contracting, except as otherwise disclosed in the Application.

21. The Application warranted that the information supplied was true and complete, stated that USSIC would rely upon the information in determining eligibility and acceptability of the risk, and advised that misrepresentations or omissions could constitute grounds for rescission of coverage and denial of claims.

22. The representation that the insured did not and would not perform window-installation work was false. Before the Application was submitted and the Policy was issued, a contract had been entered into with Schulte for the removal and replacement of windows at the Residence. The contract identifies the contractor as "Top Tier Home Improvement" and advertises window, siding, and gutter services, but does not identify whether the contracting party was Brumbelow individually or a separate limited liability company.

23. The window-installation work subsequently was performed or arranged to be performed during 2019. The Underlying Complaint alleges that Top Tier LLC performed the work, while Brumbelow submitted or adopted an Application representing that the insured did not and would not perform installation of windows or window systems.

24. Brumbelow knew the nature of Top Tier LLC's existing and intended operations when the Application was submitted or adopted, including that Top Tier LLC had contracted to perform and would perform the window-installation work.

25. The misrepresentation was material to USSIC's evaluation and acceptance of the risk. USSIC specifically inquired about window installation as a distinct underwriting subject, and the Application acknowledged that USSIC would rely upon the answers in determining eligibility and acceptability.

26. Had the true nature of the insured's operations been disclosed, USSIC would not have issued the Policy, or would have issued it only on different terms, conditions, classifications, or premium.

27. USSIC relied upon the representations in the Application and Policy Declarations when it issued the Policy.

28. By representing that Top Tier would not perform window installation despite an existing contract to perform that work, Brumbelow intended that USSIC rely upon the false response in evaluating and issuing coverage, or acted with the intent required under South Carolina law for rescission.

**C. The Underlying Action**

29. On July 15, 2026, Schulte filed the Underlying Action against Top Tier LLC and Brumbelow. A true and correct copy of the complaint in the Underlying Action (the "Underlying Complaint") is attached as Exhibit C and incorporated as if fully stated herein.

30. The Underlying Complaint alleges that, in or about July 2019, Schulte contracted with Top Tier LLC to remove the Residence's original windows and install vinyl pocket replacement windows.

31. Schulte alleges that Top Tier LLC improperly installed the replacement windows, including by failing to remove siding and inspect or replace flashing, house wrap, or waterproofing materials; driving fasteners through window sills and frames; failing to install required shims; and failing to obtain a building permit.

32. Schulte alleges that the deficient work permitted water intrusion into wall assemblies and caused wood rot and damage to pre-existing wall sheathing, drywall, framing components, and other structural elements.

33. Schulte further alleges that Top Tier LLC conducted a destructive inspection in September 2023 and failed to secure or repair exposed areas adequately.

34. The Underlying Complaint asserts causes of action for negligence, gross negligence, and negligence per se; breach of warranty of workmanlike service; breach of contract; and violation of the South Carolina Unfair Trade Practices Act ("SCUTPA").

35. Schulte seeks actual and consequential damages, treble damages, punitive damages, attorneys' fees, costs, interest, and other relief.

36. The Top Tier Defendants tendered the Underlying Action to USSIC and seek a defense and indemnity under the Policy.

37. USSIC has agreed to defend under a full reservation of rights while promptly seeking judicial determination of the parties' rights and obligations.

**FOR A FIRST CAUSE OF ACTION**
**(Rescission Based on Material Misrepresentation)**

38. The allegations contained in paragraphs 1 through 37 above are incorporated as if fully stated here.

39. Under South Carolina law, an insurer may rescind an insurance policy where clear and convincing evidence establishes that an application statement was false, the applicant knew of its falsity, the statement was material to the risk, the applicant made it with the intent to defraud the insurer, and the insurer relied upon the statement in issuing the policy.

40. The Application's representation that the insured did not and would not perform window-installation work was false when made because the insured had already contracted to perform the window work at the Residence and thereafter performed or arranged for that work.

41. Brumbelow knew the representation was false because, when the Application was submitted or adopted, he knew that window-installation work had been contracted for and would be performed.

42. The misrepresentation was material because USSIC specifically inquired about window installation and would not have issued the Policy, or would have issued it only on materially different terms, had the true operations been disclosed.

43. Brumbelow made or adopted the misrepresentation intending that USSIC rely upon it in determining whether and on what terms to insure the risk.

44. USSIC reasonably relied upon the misrepresentation and the related business descriptions when issuing the Policy.

45. USSIC is entitled to rescind the Policy and to a declaration that the Policy is void ab initio and affords no defense or indemnity to the Top Tier Defendants in connection with the Underlying Action.

**FOR A SECOND CAUSE OF ACTION, IN THE ALTERNATIVE**
**(Insured Status)**

46. The allegations contained in paragraphs 1 through 45 above are incorporated as if fully stated here.

47. The Policy identifies the named insured as "Cory Brumbelow d/b/a Top Tier Home Improvement LLC."

48. A person or entity seeking a defense or indemnity must qualify as an insured under the Policy.

49. The Policy identifies the Named Insured as "Cory Brumbelow d/b/a Top Tier Home Improvement LLC." The Policy does not identify "Top Tier Gutters and Windows" as a Named Insured or other insured.

50. The Application likewise does not identify "Top Tier Gutters and Windows" as an applicant, named insured, trade name, or other entity or business operation for which coverage was sought.

51. To the contrary, the Application represented that the applicant's operations consisted of finish carpentry and sheet-metal contracting and expressly represented that the applicant did not and would not perform installation of windows or window systems.

52. The Underlying Complaint names "Top Tier Home Improvement, LLC d/b/a Top Tier Gutters and Windows" as a defendant and seeks to impose liability upon that entity based upon allegedly defective window-installation work. "Top Tier Home Improvement, LLC d/b/a Top Tier Gutters and Windows" was not identified to USSIC in the Application as an applicant, insured, trade name, or business operation for which coverage was sought.

53. Neither the use of "Top Tier Home Improvement" in the entity's name nor its alleged relationship with Brumbelow enlarges the persons or entities qualifying as insureds under the Policy. Any person or entity seeking coverage must independently qualify as an insured under the Policy's terms.

54. Accordingly, to the extent "Top Tier Home Improvement, LLC d/b/a Top Tier Gutters and Windows" is a separate legal entity from the Named Insured identified in the Policy, it does not qualify as a Named Insured, and USSIC owes it no defense or indemnity unless it otherwise qualifies as an insured under the Policy.

55. USSIC is entitled to a declaration identifying the person or entity that qualifies as an insured under the Policy and declaring that USSIC owes no duty to defend or indemnify "Top Tier Home Improvement, LLC d/b/a Top Tier Gutters and Windows" or any other person or entity that does not qualify as an insured.

**FOR A THIRD CAUSE OF ACTION, IN THE ALTERNATIVE**
**(No Coverage for Faulty Workmanship, Contractual Loss, or Non-Property-Damage Amounts)**

56. The allegations contained in paragraphs 1 through 55 above are incorporated as if fully stated here.

57. Under Coverage A, the Policy affords coverage for damages because of "property damage" caused by an "occurrence."

58. The cost to correct, remove, repair, or replace the allegedly defective window-installation work is not damages because of covered "property damage" caused by an "occurrence."

59. Amounts sought solely for breach of contract, breach of warranty, diminished value unconnected to physical injury, return of consideration, incomplete or defective work, and other economic loss are not damages because of "property damage" caused by an "occurrence."

60. The SCUTPA cause of action is based on alleged deceptive and intentional business practices and does not allege an accidental "occurrence."

61. USSIC is entitled to a declaration that the Policy does not cover the foregoing categories of damages, even if the Policy is not rescinded.

**FOR A FOURTH CAUSE OF ACTION, IN THE ALTERNATIVE**
**(Property Damage Must Occur During the Policy Period)**

62. The allegations contained in paragraphs 1 through 61 above are incorporated as if fully stated here.

63. The Policy applies only to "property damage" that occurs during the July 19, 2019 to July 19, 2020 policy period.

64. The Underlying Complaint alleges that the Top Tier Defendants performed the original window-installation work in or about July 2019. It further alleges that Schulte did not discover significant water intrusion and resulting wood rot until September 2023. The Underlying Complaint does not establish when water first entered the Residence or when the resulting physical injury to the Residence first occurred.

65. Accordingly, USSIC owes no duty to indemnify the Top Tier Defendants for any alleged "property damage" that first occurred after the Policy expired on July 19, 2020. To the extent the alleged water intrusion caused progressive physical injury over multiple policy periods,

coverage under the Policy is limited to the portion, if any, of the alleged "property damage" occurring during the policy period.

66. The Underlying Complaint separately alleges that, in September 2023, Top Tier Defendants returned to the Residence and performed destructive testing that exposed portions of the Residence to the elements. Schulte alleges that Top Tier Defendants inadequately protected the opened areas before leaving the Residence and failed to return to secure or repair them.

67. The alleged destructive testing, inadequate protection of the opened areas, and failure to secure or repair those areas occurred more than three years after the Policy expired. Any new or additional "property damage" caused by those alleged acts or omissions therefore occurred outside the policy period and is not covered by the Policy.

68. USSIC is entitled to a declaration that the Policy affords no coverage for: (a) "property damage" that first occurred after July 19, 2020; (b) any portion of progressive "property damage" occurring after July 19, 2020; and (c) any new or additional "property damage" caused by the September 2023 destructive testing, the alleged failure to protect the exposed areas adequately, or the alleged failure to secure or repair those areas.

**FOR A FIFTH CAUSE OF ACTION, IN THE ALTERNATIVE**
**(Damage to Property, Damage to Your Work, and Damage to Impaired Property or Property Not Physically Injured Exclusions)**

69. The allegations contained in paragraphs 1 through 68 above are incorporated as if fully stated here.

70. The Policy contains exclusions that preclude or limit coverage for damage to property upon which the insured or its contractors or subcontractors are performing operations, damage arising from incorrectly performed work, damage to the insured's own completed work, and damage to impaired property or property that has not been physically injured.

71. Schulte's claims arise from allegedly defective window-installation work performed at the Residence. Among other things, Schulte alleges that Top Tier Defendants improperly installed the replacement windows by failing to remove siding and inspect or replace flashing, house wrap, or waterproofing materials; driving fasteners through window sills and frames; failing to install required shims; and failing to obtain a building permit.

72. To the extent Schulte seeks the cost of removing, repairing, replacing, or otherwise correcting the allegedly defective window-installation work itself, including the installed windows and components of that work, such claimed amounts constitute the cost of correcting defective work rather than covered damage to other property.

73. The Policy further excludes "property damage" to that particular part of real property on which the insured or any contractors or subcontractors working directly or indirectly on the insured's behalf are performing operations, if the "property damage" arises out of those operations.

74. The Policy also excludes "property damage" to that particular part of property that must be restored, repaired, or replaced because the insured's work was incorrectly performed on it.

75. Accordingly, to the extent Schulte seeks damages for portions of the Residence upon which the insured or persons performing work on its behalf performed operations, or which must be restored, repaired, or replaced because the window-installation work was incorrectly performed, such damages are excluded to the extent they fall within the terms of the Policy's Damage to Property exclusion.

76. Schulte further seeks damages arising from the allegedly defective completed window-installation work. To the extent Schulte seeks damages for physical injury to the insured's

completed work arising out of that work or a component incorporated into it, such damages fall within the Policy's Damage to Your Work exclusion.

77. The Policy also excludes "property damage" to "impaired property" or property that has not been physically injured arising out of a defect, deficiency, inadequacy, or dangerous condition in "your product" or "your work," or a delay or failure by the insured or anyone acting on its behalf to perform a contract or agreement in accordance with its terms.

78. To the extent Schulte seeks damages based upon loss of use, inability to use portions of the Residence, diminished functionality, or other loss involving property that was not physically injured, where the claimed loss results from the alleged deficiencies in the window-installation work or the failure to perform that work in accordance with the parties' agreement, such damages are excluded to the extent they fall within the Damage to Impaired Property or Property Not Physically Injured exclusion.

79. The foregoing exclusions reflect that the Policy does not operate as a guarantee of the quality of the insured's work or require USSIC to bear the costs associated with correcting, replacing, restoring, or otherwise remedying defective work merely because the work allegedly failed to perform as intended.

80. USSIC therefore is entitled to a declaration that, to the extent applicable to the damages established in the Underlying Action, the Policy's Damage to Property, Damage to Your Work, and Damage to Impaired Property or Property Not Physically Injured exclusions bar coverage for Schulte's claimed damages arising from the correction, removal, repair, replacement, restoration, loss of use, or remediation of the allegedly defective window-installation work and affected property.

**FOR A SIXTH CAUSE OF ACTION, IN THE ALTERNATIVE**
**(Fungi or Bacteria Exclusion)**

81. The allegations contained in paragraphs 1 through 80 above are incorporated as if fully stated here.

82. The Policy contains a Fungi or Bacteria Exclusion that excludes "bodily injury" or "property damage" that would not have occurred, in whole or in part, but for the actual, alleged, or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of any "fungi" or bacteria on or within a building or structure, including its contents.

83. The exclusion further applies to loss, cost, or expense arising out of the abatement, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating, or disposing of, or in any way responding to or assessing the effects of, "fungi" or bacteria.

84. Upon information and belief, mold has been identified in connection with the alleged water intrusion and resulting conditions at the Residence.

85. To the extent Schulte seeks damages because of the presence of mold or other "fungi" at the Residence, or seeks damages, costs, or expenses associated with investigating, testing for, assessing, removing, remediating, treating, or otherwise responding to mold or other "fungi," such damages, costs, and expenses fall within the Fungi or Bacteria Exclusion.

86. USSIC therefore is entitled to a declaration that, to the extent mold or other "fungi" remains an issue in the Underlying Action or forms a basis for any damages, loss, costs, or expenses sought from the Top Tier Defendants, the Policy affords no coverage for amounts falling within the Fungi or Bacteria Exclusion.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff U.S. Specialty Insurance Company respectfully requests that the Court enter judgment in its favor and:

a) declare that USSIC is entitled to rescind the Policy based upon material misrepresentations in the insurance application, and that the Policy is void *ab initio*;

b) declare that, as a result of the Policy's rescission, USSIC has no duty to defend or indemnify Cory Brumbelow d/b/a Top Tier Home Improvement, LLC, Top Tier Home Improvement, LLC d/b/a Top Tier Gutters and Windows, or any other person or entity in connection with the Underlying Action;

c) alternatively, if the Policy is not rescinded, declare that Top Tier Home Improvement, LLC d/b/a Top Tier Gutters and Windows is not a Named Insured under the Policy and that USSIC owes no duty to defend or indemnify any person or entity that does not independently qualify as an insured under the Policy;

d) alternatively, declare that the Policy affords no coverage for the costs of correcting, removing, repairing, replacing, or completing the allegedly defective window-installation work, or for amounts sought solely for breach of contract, breach of warranty, diminished value unconnected to physical injury, return of consideration, incomplete or defective work, other economic loss, or liability arising from the alleged violation of SCUTPA;

e) alternatively, declare that the Policy affords coverage only for "property damage" occurring during the July 19, 2019 to July 19, 2020 policy period and affords no coverage for:

1) "property damage" that first occurred after July 19, 2020;

2) any portion of progressive "property damage" occurring after July 19, 2020; or

3) any new or additional "property damage" caused by the September 2023 destructive testing, the alleged failure adequately to protect the exposed areas, or the alleged failure to secure or repair those areas;

f) alternatively, declare that, to the extent applicable to the damages established in the Underlying Action, the Policy's Damage to Property, Damage to Your Work, and Damage to Impaired Property or Property Not Physically Injured exclusions preclude coverage for damages arising from the correction, removal, repair, replacement, restoration, loss of use, or remediation of the allegedly defective window-installation work and affected property;

g) alternatively, declare that, to the extent mold or other "fungi" remains at issue in the Underlying Action or forms a basis for any damages, loss, costs, or expenses sought from the Top Tier Defendants, the Policy affords no coverage for damages, loss, costs, or expenses falling within the Fungi or Bacteria Exclusion;

h) declare that U.S. Specialty Insurance Company has no duty to indemnify the Top Tier Defendants for any damages, loss, costs, or expenses determined not to be covered under the foregoing declarations;

i) award USSIC its taxable costs in this action; and

j) alternatively, declare that, to the extent mold or other "fungi" remains at issue in the Underlying Action or forms a basis for any damages, loss, costs, or expenses sought from the Top Tier Defendants, the Policy affords no coverage for damages, loss, costs, or expenses falling within the Fungi or Bacteria Exclusion; and

k) grant USSIC such other and further relief as the Court deems just and proper.

CLYDE & CO US LLP

By: s/Janice Holmes
Janice Holmes (Fed. I.D. No. 11366)
1775 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006
Telephone: (202) 747-5100
Facsimile: (202) 747-5150
janice.holmes@clydeco.us

Attorney for U.S. Specialty Insurance Company

Lexington, South Carolina
November 9, 2026